# CRISTOBAL MORALES AVILA

*v.*

# ANTONIO FANTAUZZI.

San Juan, Law, No. 895.

**ACTION FOR PERSONAL INJURIES, TRIED WITHOUT A JURY.**

Automobile — Liability of Owner.
> 1. Where the owner is in an automobile and in control of its oper-. ation, he is responsible for any negligence of the chauffeur.

Trial Without Jury — Reconciling Evidence.
> 2. Where a case is tried without a jury it is the duty of the court, no less than it would have been the duty of the jury, to try and harmonize the evidence in the case. If in doubt, the court must decide against the plaintiff.

Automobile — Frightening Horses.
> 3. If an automobile is driven in a reckless manner and frightens a horse so that it runs upon an obstruction at the side of the road, the owner of the automobile may be liable. But if the driver of the buggy is frightened and swerves too far to one side, the liability will be upon him.

Pleadings — Porto Rico.
> 4. The Revised Statutes require that pleadings in the Federal court should be similar to those in the local procedure. In Porto Rico there are no common counts, and the cause of action must not only be stated concisely, but the facts alleged must be substantially proved.

Opinion filed October 20, 1913.

---

Note.—The authorities on the question of the duty and liability of the operator of an automobile with respect to horses encountered on the highway are reviewed in notes in 1 L.R.A.(N.S.) 223; 14 L.R.A.(N.S.) 251; and 48 L.R.A.(N.S.) 946. ·

Avila v. Fantauzzi.

*Mr. N. B. K. Pettingill* for plaintiff.

*Messrs. Hartzell & Rodriguez Serra* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case was tried at Ponce by the judge without a jury, and developed a great difference, if not conflict, between the testimony for the plaintiff and that for the defendant. The witnesses for the plaintiff, including the plaintiff himself, testified that he was driving a two-horse buggy along the road to Ponce from Guayama, and as he neared the dry bed of the river called Portugues, his buggy was struck by the automobile of the defendant, thrown against one of several guard posts at the curve of the road at this point, and plaintiff was precipitated to the ground, between the buggy and the automobile. The plaintiff himself remembers nothing after the fall, but some of the evidence is that he was conscious enough to give his name. A policeman, with another man was passing at the time. It was at 9 o'clock at night, however, and there were no lights except those of the automobile and buggy. A coach was standing a few yards off at a cafetin, and the testimony of the driver was that he was at his horse's head looking towards Guayama, and heard the plaintiff cry out, "They are killing me." He thereupon called his passengers out of the cafetin, and they drove the few yards to the place of the accident, picked up the plaintiff, and took him to a house in the neighborhood, where he received treatment. He was taken from there to a hospital at Ponce, and, although better for a day or two, soon developed serious injuries. He was sent to Spain for his health, but without any result. He is ap-

Avila v. Fantauzzi.

parently injured for life. On the other hand, the testimony of the defendant and of the three other occupants of his auto is that the auto did not pass within three or four yards of the buggy, and certainly never touched it. They noticed the buggy by the light of the auto and saw it apparently strike the post, but were not conscious of an accident, and knew nothing else until the auto was halted some distance on by a policeman, after telephonic message from Ponce. When notified of the accident, defendant got the policeman to examine the auto, and no scratch or other sign of collision was to be found on it.

1. There are no matters of law connected with the case which need consideration at this time. The responsibility of the owner, while in the auto, was decided at the trial upon a question of admissibility of evidence.

2. As to the facts, it is difficult to get at the truth of the transaction. The plaintiff was undoubtedly thrown out of his buggy in its contact with the guard post at the side of the road, and has suffered serious injuries, but the liability for this regrettable accident is not so clear. The plaintiff may have thought he was struck by the auto, and his witnesses may have thought the same thing; but their testimony is not at all convincing of the fact, in view of the absolute denial on the part of the occupants of the auto, whose testimony was not shaken by cross-examination. This is true, without taking into account at all the station in life of the respective witnesses. For the purposes of this case all may be considered equally honest in their testimony. There seems to be no necessity for supposing that one side or the other consciously perjured themselves. Both parties published newspaper accounts a few days after the accident, which agree with their testimony on the stand. It is

Avila v. Fantauzzi.

the duty of the court, no less than of a jury, to try and reconcile conflicting testimony. Probably the solution of the opposing statements is found in the fact that the accident was at night, and occurred so suddenly that no one fully realized what was happening. But, to say the least, the mind of the court is left in doubt, and the familiar rule of law is that in such case the balance is inclined against the plaintiff, upon whom rests the burden of proof. The court may even go further, and say that the fact that the auto was uninjured after the accident tends strongly to confirm the contention of the defendant.

3. There would be another possible view of the matter. In this case, if the auto was being driven in a reckless manner, and ran so close to the buggy as to drive the plaintiff up on the post, or so frighten him that he spontaneously ran against it in the effort to get away from the auto, the defendant might be liable. This would be somewhat similar to the classical example of injury caused when a man threw a lighted squib into a crowd and the one upon whom it fell threw it off upon another. The original thrower of the squib was held liable for the injury to the third person. Perhaps a more modern instance is the liability of a railroad where a passenger is justly alarmed, and jumps from the train to his own injury, although in point of fact the accident which he anticipated never did happen.

But the evidence is not at all convincing that there was any recklessness, or that there was any good reason for the plaintiff to try to avoid the automobile. No doubt he thought so, and this is probably the explanation of the accident; but the court is not at all convinced that he had any good reason for the fear. The probability seems to be that he was, so to speak, stampeded by the sudden light and noise of the automobile

Avila v. Fantauzzi.

coming up the hill, and, perhaps blinded by the headlights, swerved too far to one side. Of course, if there had been no automobile, there would have been no accident, but automobiles, as well as buggies, have the right to use the public highways at night. The accident was probably either unavoidable, or caused by a mistake in judgment of the plaintiff himself.

4. Furthermore, such consideration cannot come up under the pleadings in this cause. The common-law pleadings in this court are, by virtue of Revised Statutes § 914, U. S. Comp. Stat. 1901, p. 684, similar to those under the Porto Rican Code of Civil Procedure. This requires (§ 103) that the facts constituting the cause of action shall be stated concisely, and does not admit, as in a semi-code state like Alabama, of the joinder of different statements of facts, or of what at common law are called the common counts. The plaintiff must recover substantially upon the cause of action set out in his complaint, except so far as the question of amendment may be allowable. The court must hold that, upon a complaint alleging collision between an auto and a buggy, there could not be a recovery upon evidence showing that the horse shied away from the auto, and collided with a post on the other side of the road, even if the driver of the auto was to blame in frightening the horses or the occupant of the buggy. Whether it would have been allowable to amend by alleging this fault need not be considered. The fact is that no offer to amend was made by plaintiff, and so he must stand upon the allegations as found in the original complaint.

In this view of the case the measure of damages need not be inquired into.

As a result, judgment will be entered for the defendant.